IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY COLEMAN,

                                                                         ORDER

                Plaintiff,

                                                      13-cv-566-bbc

    v.

ROBERT C. HERMANN and
JOHN DOE DEPUTIES #1-3,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this case, plaintiff Timothy Coleman is proceeding on claims that defendant John Doe Deputies #1-3 used excessive force against him and failed to provide him appropriate medical care while he was housed at the Manitowoc County jail. However, before the court was able to hold a preliminary pretrial conference, at which Magistrate Judge Stephen Crocker would instruct the parties abut this court's procedure for ascertaining the identities of the Doe defendants, defendant Manitowoc County Sheriff Robert C. Hermann filed a motion to transfer the case to the Green Bay Division of the Eastern District of Wisconsin under 28 U.S.C. § 1404(a), dkt. #12. Plaintiff has not opposed the motion.

       28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that the transferee forum is "clearly more convenient." Coffey, 796 F.2d at

1

219-20. Defendant Hermann supports his motion by arguing that the Green Bay division is the appropriate venue 28 U.S.C. § 1391, that all of the events allegedly occurring took place in the Manitowoc County jail, and that the "anticipated witnesses" are located in or around Manitowoc County.

Defendant Hermann is likely correct about these points, but he is not the appropriate party to bring this motion. Although Hermann is listed as a defendant in the caption, I stated in the court's October 8, 2013 screening order that Hermann would be included in the caption "solely to provide a person whom the United States Marshals can serve and whom plaintiff may contact regarding ascertaining the identities of the Doe defendants." After the Doe defendants are identified, Hermann will be dismissed from the case because plaintiff is not bringing substantive allegations against him. If the Doe defendants wish to bring a motion to transfer after they have been identified, they will be allowed to do so, but there is no reason to let Hermann make this choice for them. Accordingly, the motion to transfer filed by defendant Hermann, dkt. #12, is DENIED.

Entered this 3d day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge