IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                 Plaintiff,                                   ORDER

      v.                                                       13-cv-566-bbc

ROBERT HERMAN, KURT MESSMAN,
DENNIS KLOIDA, MARK NAGEL
and DEAN B. GREENWOOD,

                 Defendants.

---

      In this case, pro se prisoner Timothy Coleman is proceeding on claims that defendant Manitowoc County deputies used excessive force against him and failed to provide him appropriate medical care while he was housed at the Manitowoc County jail. Currently before the court is plaintiff's motion to compel discovery, dkt. 48. In considering this motion, I note that pursuant to the February 18, 2014 preliminary pretrial conference order, dkt. 19, and an April 10, 2014 "text-only" order, dkt. 28, all discovery has been stayed except discovery relating to the motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies filed by defendant Sheriff Robert Herman.[1]

      Plaintiff first seeks a more detailed response to Interrogatory No. 4 asking what proof defendant Herman has showing "beyond a reasonable doubt" that plaintiff received a copy of the jail rule book, "notwithstanding any 'bare assertion'" on their part. Defendant objected to responding to the phrases "bare assertion" and "beyond a reasonable doubt" and stated that plaintiff's request was vague because he was unclear about the relevant time period, as plaintiff

---

     [1] Defendant Herman was named as a "nominal defendant" in the caption for purposes of ascertaining the identities of the John Doe defendants plaintiff is suing in this case. As the discovery requests at issue here took place before the Doe deputies were identified, Herman responded to the requests, and for the sake of simplicity I will refer to Herman as "defendant" in this opinion.

had been incarcerated at the jail on more than one occasion. Notwithstanding those objections, defendant responded that jail policy was to provide inmates with copies of the rule book. There is nothing wrong with this response. To the extent that plaintiff sought all the evidence defendant had to show that he received the handbook, defendant has provided it.[2]

In Interrogatory No. 5, plaintiff asks why page 18 of the inmate rule book does not "clearly explain the details of the grievance procedure as do . . . jail policy #104.06." Defendant objected, stating that the question is vague and ambiguous, but ultimately answering that inmates were given copies of the rule book and that officers were available to answer questions about the grievance procedure. I agree that the question as stated by plaintiff is too vague and ambiguous to answer properly, so I will deny plaintiff's motion regarding this question. In his motion to compel, plaintiff clarifies that the rule book is somewhat inconsistent with and less complete than policy #140.06, and that he wanted defendant to "agree or confirm the fact that the information in the rule book is not exactly the same and does not go [as] in-depth as the information in the 'official' policy." If this is plaintiff's question, then the documents speak for themselves, and plaintiff is free to argue (as he has in his brief in opposition to the exhaustion motion) that the policies are inconsistent.

In Interrogatories Nos. 6 and 9, plaintiff asks that defendant admit that the form he was given to fill out his grievance never actually said the word "grievance" on it or explained any of the grievance procedures, and that this means that the grievance procedure is "inadequate and ambiguous or misleading." Defendant objects to the questions as vague and ambiguous and

---

[2] For his part, plaintiff now admits that the phrase "beyond a reasonable doubt" is irrelevant to the legal standard in this civil case, but regardless of the applicable standard, all defendant was required to do was provide plaintiff with the evidence he had, which he has done.

reiterates that plaintiff was given a copy of the rule book. Beside the fact that these are interrogatories and not requests for admissions, it is clear from the briefing that defendant does not agree with plaintiff's assertions that the discrepancies in the rules or lack of instructions on the form itself made the grievance process inadequate, ambiguous or misleading. There is no reason to ask defendant to provide anything further.

In Requests for Admission Nos. 3 and 5, plaintiff asks for information about the substantive events at issue regarding the actions of the defendant deputies. However, as stated above, the discovery process has been limited to questions regarding the exhaustion process, so I will deny plaintiff's motion to compel regarding these requests.

Finally, plaintiff refers to "Request for Admission #6" in his brief but does not explain what that request was or provide any argument about it, so I will deny this part of the motion as undeveloped.

ORDER

It is ORDERED that plaintiff Timothy Coleman's motion to compel discovery, dkt. 48, is DENIED.

Entered this 2nd day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge