IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                Plaintiff,              OPINION & ORDER

v.

                                          13-cv-566-jdp

KURT MESSMAN, DENNIS KLOIDA,
MARK NAGEL and DEAN B. GREENWOOD,

                Defendants.

---

In this lawsuit brought pursuant to 42 U.S.C. § 1983, pro se prisoner Timothy Coleman is proceeding on claims that defendant Manitowoc County deputies used excessive force against him and failed to provide him appropriate medical care while he was housed at the Manitowoc County jail. Currently before the court are plaintiff's "motion to plead 'personal involvement'" of the now-identified John Doe defendants[1] and defendants' dual motions to dismiss the case, one based on plaintiff's failure to exhaust administrative remedies[2] and another based on plaintiff's failure to file this case before the statute of limitations ran out on his claims.

I understand plaintiff's "motion to plead 'personal involvement'" to be a motion to supplement his complaint to further detail his allegations against the defendant deputies.

---

[1] Plaintiff initially named "Manitowoc County Sheriffs" as defendants in the caption of his complaint. Dkt. 1. Based on this caption and plaintiff's allegations, the court understood plaintiff to be bringing claims against unidentified deputies, and allowed plaintiff to proceed on claims against those deputies as "John Doe" defendants. Dkt. 8. The court also amended the caption to include Manitowoc County Sheriff Robert C. Hermann "solely to provide a person whom the United States Marshals can serve and whom plaintiff may contact regarding ascertaining the identities of the Doe defendants." *Id*. After plaintiff was able to ascertain the identities of the Doe defendants, the court amended the caption to insert those deputies and remove Hermann. Dkt. 33.

[2] This motion was filed by then-defendant Robert Hermann as the stand-in for the John Doe deputies. Because Hermann and the now-identified deputies are represented by the same counsel and because defendants have not moved to withdraw this motion, I will consider this motion as one still pending.

Plaintiff states that he has filed this motion "in order to allow allegations of amended defendants to conform to evidence . . . ." Plaintiff seeks to conform his pleading to documents presented by defendants indicating that the incident at issue took place on April 3, 2007. In particular, plaintiff references a "Manitowoc County Jail Discipline Report" filed by defendant Greenwood detailing his version of an altercation between plaintiff and defendants taking place on the jail elevator on April 3, 2007. The events described in the report largely track those alleged by plaintiff in his original complaint. To the extent that plaintiff requests to have his new allegations and attached discipline report considered a supplement to his complaint, I will grant that request. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

The problem for plaintiff is that his agreement that the incident at issue took place on April 3, 2007 has led defendants to file a motion to dismiss the case based on plaintiff's failure to comply with the statute of limitations.[3] Section 1983 does not contain a statute of limitations. "[C]ourts considering § 1983 claims "should borrow the general or residual statute for personal injury actions" from the state in which the events at issue took place. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Wisconsin, the statute of limitations for § 1983 actions is six years from the time an injury accrues.[4] *See* Wis. Stat. § 893.53. Defendants argue that plaintiff was about four months late when he filed his complaint in this court on August 13,

---

[3] As both parties ultimately cite to materials outside the pleadings in briefing this motion, I will consider defendants' motion to dismiss as a motion for summary judgment.

[4] When a claim *accrues* is governed by federal law and is "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (quotation omitted). In this case, plaintiff's claims accrued on the date of the alleged incident. *See also, e.g., King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 911 (7th Cir. 2000) (assuming that analogous *Bivens* excessive force claim against unidentified officer accrued at time of incident).

2013. In support, they cite to plaintiff's motion to supplement his complaint as well as the following statements made in other documents filed by plaintiff:

- "As a matter of course, the plaintiff respectfully moves this court to amend the caption in this matter to add defendants-in-interest as parties to the complaint; who are personal [sic] involved and related to the April 3, 2007 incident at issue in this matter." (Plt.'s Mot. to Am. Caption, Dkt. 27.)

- "The plaintiff filed this § 1983 Civil Rights Complaint against defendants . . . as having some typical personal involvement in the "excessive force" used against plaintiff on April 3, 2007; wherefrom the appropriate medical attention was denied him." (Plt.'s Br. in Opp'n to Defs.' Mot. to Dismiss, dkt. 43 at 1.)

- "In 2007, prior to the April 3, 2007 incident at issue . . . ." (Plt.'s Aff., dkt. 37 at 1.)

Additionally, they note that plaintiff states in his original complaint that he was charged with battery to a law enforcement officer in conjunction with the incident but that the case was dismissed at the preliminary hearing. The only criminal matter matching that description on the electronic Wisconsin Circuit Court Access database is Manitowoc County case no. 2007CF000177, filed on April 3, 2007. (http://wcca.wicourts.gov, last accessed September 9, 2014.)

In response, plaintiff raises two arguments. First, he argues that defendants established April 3, 2007 as the date of the incident, he "always maintained that he did not know the exact date," and that he "'only' started using the April 3, 2007 date" after defendants introduced it. To the extent that plaintiff seems to attempt to backtrack from using April 3, 2007 as the definitive date, he does not provide any evidence calling into dispute the evidence defendants produce showing that the altercation occurred on April 3, 2007 (the jail incident report and the electronic court records from plaintiff's criminal charges). Therefore I conclude that based on the summary judgment record, this case involves events occurring on April 3, 2007, which means that the six-year period to file this lawsuit expired on April 3, 2013, well before plaintiff filed his complaint.

In the alternative, plaintiff argues that the statute of limitations should be equitably tolled. Generally, equitable tolling permits a plaintiff to file suit after the statute of limitations has run "if despite the exercise of all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). Plaintiff argues his claims should be equitably tolled because he did not know the actual names of the defendant deputies until he obtained their names through discovery utilizing this court's procedure for identifying "John Doe" defendants. In support, he cites to the following language from the Seventh Circuit:

> Apart from Banco Popular, Fidelity did not know who the transferees were. But when a statute of limitations does not begin to run until "discovery," the discovery referred to is merely discovery that the plaintiff has been wrongfully injured. He doesn't have to know who injured him. He has the limitations period to discover that, draft his complaint, and file suit. If despite the exercise of reasonable diligence he cannot discover his injurer's (or injurers') identity within the statutory period, he can appeal to the doctrine of equitable tolling to postpone the deadline for suing until he can obtain the necessary information.

*Fidelity National Title Insurance Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006 (applying Illinois law) (citations omitted).[5]

The equitable tolling analysis is governed by state law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Although Wisconsin precedent on equitable tolling is very sparse, it is clear that, as in *Shropshear* or *Fidelity National*, tolling is available only where the failure to meet a filing deadline is out of the party's control or occurred despite the party's due diligence. *See, e.g., State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 254, 677 N.W.2d 259, 269 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is

---

[5] In arguing for equitable tolling, plaintiff suggests that the statute of limitations did not begin to "commence running" until March 2014, when he discovered the names of the deputies in discovery, which could be interpreted as an argument that his claims did not *accrue* until then. However, as stated above, both in footnote 4 and in plaintiff's own citation to *Fidelity National*, plaintiff's claims accrued on the date of the alleged incident because that is the date he was aware his rights were violated.

4

equitably tolled where counsel promises to file writ but fails to do so); *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-day deadline for petition for review tolled on date pro se prisoner delivers correctly addressed petition to proper prison authorities for mailing); *Hester v. Williams*, 117 Wis. 2d 634, 644, 345 N.W.2d 426, 431 (1984) (defendant "guilty of fraudulent or inequitable conduct" may be equitably estopped from raising statute of limitations defense where "the aggrieved party [does not] not unreasonably delay").

Unfortunately for plaintiff, at best he can show that he exercised due diligence in attempting to identify the deputies *after* he filed his complaint. By then it was too late, as he waited more than six years to file his complaint. Plaintiff does not provide any example of attempts to identify the deputies in the period *before* he filed his complaint, nor does he explain why it took him more than six years to file the complaint other than to suggest that he is at a disadvantage acting as a pro se prisoner. Based on the hundreds of pleadings this court receives every year from pro se prisoners who are able to meet the statute of limitations, it seems obvious that plaintiff's pro se prisoner status alone is no reason to equitably toll his filing deadline. Because I conclude that equitable tolling is not available for plaintiff, I must grant defendants' motion for summary judgment based on the statute of limitations. Because judgment will be granted to defendants on this basis, their exhaustion motion will be denied as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to supplement his complaint, dkt. 40, is GRANTED.

2. Defendants' motion for summary judgment based on plaintiff's failure to file this case within the statute of limitations, dkt. 50, is GRANTED.

3. Defendants' motion to dismiss the case based on plaintiff's failure to exhaust administrative remedies, dkt. 21, is DENIED as moot.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 18th day of September, 2014.

                              BY THE COURT:

                              /s/
                              JAMES D. PETERSON
                              District Judge